HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARILYN J. TAYLOR, pro se,

    Plaintiff,

v.

BROWN & HALEY,

    Defendant.

Case No. C07-5359RBL

ORDERGRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DENYING APPOINTMENT OF ATTORNEY

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Application to Proceed *In Forma Pauperis* [Dkt. #1] and Application for Appointment of Counsel [Dkt. #2].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Plaintiff's application to proceed *in forma pauperis* is **GRANTED.** Plaintiff shall effect service on the defendant as required under Fed. R. Civ. P. 4.

Plaintiff also requests that the Court appoint her counsel. There is no constitutional right to counsel in a civil case unless an indigent litigant may lose her physical liberty if she loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25, 101 S.Ct. 2153, 68 L.Ed.2d 640 (1981). Nonetheless, district courts have discretion under 28 U.S.C. § 1915(e)(1) to appoint counsel for indigent civil litigants upon a showing of exceptional circumstances. *See Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir.1991). The existence of exceptional circumstances is determined on the basis of factors such as the likelihood of success

on the merits and the ability of the plaintiff to articulate her claims in light of their complexity.  *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir.1990).   In this case, the plaintiff has not demonstrated any likelihood that she will ultimately prevail on the merits, or that she is unable to articulate her claims.   No extraordinary circumstances have yet been shown justifying the appointment of counsel.   The Plaintiff's request for appointment of counsel is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE